IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICK SELIG,
          Plaintiff,

v.                                                Civil Action No. 3:20-cv-00054

DEAN J. ANDERSON GROUP, INC.,
          Defendant.

## OPINION

Patrick Selig sued Dean J. Anderson Group, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA").[1] Selig served the defendant with the summons and complaint in February, 2020. The defendant failed to file responsive pleadings, and Selig moved for entry of default. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default on April 30, 2020. The plaintiff now moves for default judgment under Rule 55(b).

The defendant disputes neither its liability under the FDCPA nor the plaintiff's entitlement to default judgment. The defendant contests only Selig's alleged damages. Thus, the Court will enter judgment in favor of Selig as to Counts One through Three and award damages as set forth below.

## I. BACKGROUND

Sometime before February, 2019, Dean J. Anderson Group, Inc., a debt collector, obtained information about a consumer debt owed by Selig. In an effort to collect that debt, the defendant called Selig a total of three times over a two-week period in February, 2019. In these calls, the

---

[1] Specifically 15 U.S.C §§ 1692d(2), 1692e(2)(A), 1692e(5), 1692e(10), 1692e(11), 1692e(14), and 1692g(a). Selig does not pursue default judgment based on his Virginia common law Intentional Infliction of Emotional Distress claim. The Court, therefore, does not address liability under that claim.

1

defendant never identified itself as a debt collector and did not explain that it made the calls to collect a debt. The defendant also falsely suggested that it would pursue legal action against Selig.

On February 11, 2019, the defendant called Selig and left a voicemail message, which stated the call involved an "important issue" and requested that Selig return the call. (Compl. ¶ 8.) The defendant called Selig a second time on February 14, 2019, and left a voicemail message. The message stated it was a "confidential and imperative call" to discuss impending "actions" against Selig. (*Id.* ¶ 10.) The defendant again requested that Selig "immediately" return the call. (*Id.* ¶ 10.) The defendant placed the third call on February 25, 2019, leaving a third and final message for Selig warning it "would proceed forward with a complaint." (*Id.* ¶ 11.)

Selig asserts that, because of the defendant's calls, he lost time researching legal representation and the defendant. (Dk. 10-1 ¶¶ 26-37.) Selig also alleges that he experienced emotional and mental distress regarding his employment, reputation, and financial security. (*Id.* ¶¶ 22-25.)

## II. **RELIEF**

### *A. Actual Damages*

The FDCPA provides that a plaintiff may recover actual damages, including damages for emotional distress. *See* 15 U.S.C. § 1692k(a)(1); *Valdez v. Arm Wyn, LLC*, No. 7:14-cv-00263, 2015 WL 3661102, at *3 (W.D. Va. June 12, 2015). Courts, however, are "reluctant to award damages for emotional distress from violations of the FDCPA absent an aggrieved plaintiff receiving mental health treatment or evidence that emotional distress concretely affected a plaintiff's personal or professional life." *Valdez*, 2015 WL 3661102, at *3.

Here, Selig has provided a declaration explaining both his lost time and fears caused by the defendant's actions. (Dk. No. 10-1.) Selig spent an unspecified time researching legal

representation and the defendant. (*Id.* ¶¶ 26-29, 32-33, 36-37.) Additionally, Selig feared that the issue would negatively affect his job, professional reputation, and financial security. (*Id.* ¶¶ 22-25.) Thus, he requests $15,000 in actual damages.

Selig's declaration supports an actual damages award for emotional distress. *See Selig v. Niagara Recovery*, No. 3:19-cv-769, 2020 WL 4283926, at *7 (E.D. Va. July 27, 2020). But the affidavit alone does not support an actual damage award of $15,000. Although Selig describes extensive fear resulting from the defendant's actions, he has not shown that his fears had a "concrete effect . . . on his daily functioning." *Id.* Additionally, Selig has not shown that he suffered economic damages, or required mental health treatment or other medical treatment. *See id.*; *McCune v. Xerox Corp.*, 225 F. 3d 654, at *5 (4th Cir. 2000) (per curiam) (table decision). Thus, the Court will award the defendant $1,000 in actual damages.

### *B. Statutory Damages*

Under the FDCPA, a Court may award up to $1,000 in statutory damages. *See* § 1692k(a)(2)(A). In determining statutory damages, Courts consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Here, the defendant called Selig three times within a two-week period. Both the intentional nature of the defendant's conduct and the persistence of these calls support an award of statutory damages. *See Niagara Recovery*, 2020 WL 4283926, at *7 (awarding maximum statutory damages against a defaulting defendant who called the plaintiff three times and sent two letters over a six-month period to collect on a debt); *Valdez*, 2015 WL 3661102, at *3 (awarding maximum statutory damages against a defaulting defendant who called the plaintiff three times to collect on a debt). Thus, the Court awards the maximum of $1,000 in statutory damages.

3

### *C. Costs and Fees*

#### *1. Costs*

Under the FDCPA, a plaintiff may recover "the costs of the action together with a reasonable attorney's fee as determined by the court." § 1692k(a)(3). Selig seeks $615 in costs but does not document those costs. Considering the lack of documentation and the $400 filing fee Selig paid when he filed this lawsuit, the Court awards $400 in costs. (Dk. No. 1.)

#### *2. Attorneys' Fees*

A court must award attorneys' fees to a successful plaintiff in an FDCPA action except in "the most unusual circumstances." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995). The FDCPA provides a court "wide latitude" in determining a reasonable award. *Id.* at 629. "To calculate a reasonable attorney's fee, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate to determine a 'lodestar' figure." *Lundie v. Smith & Cohen, LLC*, No. 2:15-cv-291, 2016 WL 717113, at *5 (E.D. Va. Jan. 26, 2016), *report & recommendation adopted*, No. 2:15-cv-291, 2016 WL 715736 (E.D. Va. Feb. 18, 2016). A party must also support his fee request with "satisfactory specific evidence of the prevailing market rates," which may include "affidavits of other local lawyers who are familiar with both the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). To calculate a reasonable award, courts consider numerous factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which

the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243-44.

Moreover, the "'most critical factor'" in determining the reasonableness of a fee award is 'the degree of success obtained' by the plaintiff." *Lilienthal v. City of Suffolk*, 322 F. Supp. 2d 667, 671 (E.D. Va. 2004) (citation omitted). This is especially true when determining a fee award on default judgment. *See Anderson v. Didonato*, No. 1:12-cv-00643, 2012 WL 6553675, at *5 (E.D. Va. Nov. 19, 2012), *report & recommendation adopted*, 2012 WL 6561259 (E.D. Va. Dec. 14, 2012) (describing "the results obtained for the client" as the "most important . . . factor" when awarding attorneys' fees on default judgment). When awarding attorneys' fees, the court, need not "engage in a lengthy discussion concerning what portion of the award is attributable to each factor." *Valdez*, 2015 WL 3661102, at *3.

Selig requests attorneys' fees totaling $11,195, comprising Selig's request of 34.4 hours at a $300 hourly rate for Kevin Dillon and 1 hour at a $725 hourly rate for Leonard Bennet. This Court has previously awarded fees at the same rate on default judgment in similar FDCPA cases. *See, e.g., Niagara Recovery*, 2020 WL 4283926, at *8-9 (awarding $18,125 for 59 hours worked at the same rates).

Selig submitted a declaration of Dale W. Pittman, a Virginia-based consumer protection litigator, to support his claim. (Dk. No. 10-6.) Pittman describes Dillon and Bennett as reputable consumer protection attorneys. (*Id.* ¶¶ 28-33.) Pittman also asserts that Dillon and Bennett spent a reasonable amount of time on Selig's case and charged a reasonable rate. (*Id.* at ¶ 36-37, 39.) Most importantly, Selig won this case.

Considering Pittman's affidavit, the time spent by attorneys in other FDCPA default judgment cases, the successful result obtained for the plaintiff, and the other relevant factors, the Court will award $11,045 in attorneys' fees.[2]

### *D. Interest*

Selig further requests "interest at the legal rate," although he failed to specify whether he seeks prejudgment or post-judgment interest.

Although courts have discretion to award prejudgment interest in FDCPA cases, Selig has not explained how the Court should calculate prejudgment interest or why such interest is appropriate in this case. *Bickley v. Gregory*, No. 2:16-cv-131, 2016 WL 6306148, at *11 (E.D. Va. Oct. 7, 2016), *report & recommendation adopted*, 2016 WL 6398804 (E.D. Va. Oct. 26, 2016) (declining to award prejudgment interest when the plaintiff "provided no guidance . . . to help the Court determine how such an award may be calculated"). The Court, therefore, declines to award prejudgment interest.

Courts use the interest rate in 28 U.S.C. § 1961 to determine post-judgment interest in FDCPA cases. Section 1961 permits interest "on any money judgment in a civil case recovered in a district court." § 1961(a). For the reasons set forth above, the Court will enter a money judgment in this case and award interest pursuant to § 1961(a).

### **CONCLUSION**

For the foregoing reasons, the Court will grant in part the plaintiff's motion for default judgment. The Court will enter judgment in favor of the plaintiff for Counts One through Three in the amount of $13,445, comprising $1,000 in actual damages, $1,000 in statutory damages, $400

---

[2] This accurately reflects the total fee for 34.4 hours at a $300 hourly rate plus 1 hour at a $725 hourly rate.

in costs, $11,045 in attorneys' fees, and post-judgment interest at the rate established by 28 U.S.C. § 1961(a).

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 3 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge